IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BPL GLOBAL, LTD., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| DANIEL JAMES FOREY II, | ) | |
| | ) | |
| Defendant. | ) | |

## Complaint For Declaratory Judgment

This is a declaratory judgment action in which Plaintiff BPL Global, Ltd. ("BPL"), by its undersigned counsel, seeks judicial declaration of its rights and obligations as to Defendant Daniel James Forey II ("Forey") in order to resolve an actual controversy arising from BPL's termination of its Consulting Agreement with Forey, attached as **Exhibit A**.  In support, BPL states as follows:

### Parties

1.      BPL is a Delaware corporation with a principal place of business in Pittsburgh, Pennsylvania, and a mailing address of 444 Liberty Avenue, Suite 750, Pittsburgh, Pennsylvania 15222.

2.      BPL provides Smart Grid applications to electric utilities and provides broadband services (voice, data, and video) to consumers over power lines, in both cases on a national and international basis.  BPL is a young company and is actively searching for growth and investment opportunities.

3.      Forey is an individual with a domicile in Denver, Colorado and a permanent residential address of 325 Clayton Street, Denver, Colorado 80206.

4.     Beginning on or about February 13, 2006, Forey provided certain services to BPL pursuant to the Consulting Agreement (**Exhibit A**), which is an integrated writing containing the entirety of the parties' rights and obligations regarding Forey's services to BPL.

5.     BPL terminated the Consulting Agreement with Cause (as that term is defined within the Consulting Agreement) in a meeting with Forey held in Pittsburgh, Pennsylvania on October 19, 2006.

### Nature of this Action

6.     BPL seeks expeditious relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and under the Pennsylvania Declaratory Judgment Act, 42 Pa.C.S.A. § 7531 *et seq*.

7.     The object of this litigation is the Consulting Agreement (**Exhibit A**).

8.     An actual controversy exists between BPL and Forey, as demonstrated by correspondence between their respective legal counsel, as to the extent, if any, of BPL's obligations to Forey under the Consulting Agreement in light of BPL's termination of the agreement, and further regarding the existence of "Cause" for such termination as that term is defined within the agreement.

9.     Forey has claimed entitlement to "amounts due to him under Section 14 of his Consulting Agreement" totaling $372,920.00.

10.    BPL has denied that it owes any further obligation or compensation to Forey of any sort or amount, and has replied to Forey that he will "receive no further compensation, payment, or equity of any kind from BPL Global."

11.    The parties' interests under the Consulting Agreement are adverse.

12.    BPL's legitimate business interests have been harmed by Forey's claims made under the Consulting Agreement.

13.    A conclusive ruling from the Court as to their rights and obligations under the Consulting Agreement will render practical help to the parties.

14.    Declaratory relief will remove the uncertainty that gives rise to this controversy.

## Jurisdiction and Venue

15.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332.  BPL and Forey are citizens of different states, and the sum in controversy exceeds $75,000.00, exclusive of interest and costs.

16.    Venue in this jurisdiction is proper under 28 U.S.C. § 1391.  In the Consulting Agreement, the parties expressed their consent to jurisdiction and venue in this Court, and irrevocably waived any objection that any suit, action, or proceeding brought in this Court has been brought in an inconvenient forum.

17.    The Consulting Agreement was terminated in this judicial district in a meeting attended by Forey in person, with BPL representatives.

18.    During the time that he served as a consultant to BPL under the Consulting Agreement, Forey regularly communicated with BPL representatives in Pittsburgh.

19.    Forey traveled to Pittsburgh on various occasions in his capacity as consultant to BPL under the Consulting Agreement.

## Facts Giving Rise to the Controversy

20.    BPL and Forey entered into the Consulting Agreement on or about February 13, 2006.

21.    The Consulting Agreement is an integrated writing that sets forth the entirety of the parties' agreement pertaining to the subject matter thereof, and it supersedes all prior representations and agreements of the parties, whether oral or written.  (Section 7.)

22.    The Consulting Agreement cannot be modified except by a writing signed by Forey and BPL.  (Section 7.)

23.    There is no writing signed by Forey and BPL modifying the Consulting Agreement.

24.    The purpose of the Consulting Agreement was for Forey to provide services to BPL as an independent contractor related to establishing a European operation for BPL as a separate legal entity, to be known as "BPL Europe" and to be organized under the laws of a European jurisdiction.  (Sections B and 2.)

25.    The Consulting Agreement contemplated that after the successful formation of BPL Europe as a separate legal entity, Forey would be employed by BPL Europe under a separate written employment agreement, at which time Forey would be entitled to receive options to purchase shares of equity interests in BPL Europe at a price to be determined by BPL pursuant to an option agreement entered into in connection with the separate written employment agreement between Forey and BPL Europe.  Forey agreed to be bound by the terms of any equity incentive plan of BPL Europe from which such options may be issued.  (Sections 2(a), 3(b).)

26.    Formation of a European operation for BPL as a separate legal entity known as "BPL Europe" did not occur before the termination of the Consulting Agreement; however, such an entity was formed after the termination of the Consulting Agreement.

27.    Forey did not become employed by an entity known as BPL Europe under a separate written employment agreement.

- 4 -

28.     Forey did not enter into an option agreement for the purchase of equity interests in BPL Europe at a price to be determined by BPL Global.

29.     BPL had the right to terminate the Consulting Agreement for "Cause," which term was defined in the Consulting Agreement (Section 14) as follows:

> For the purposes of this Agreement, "Cause" shall mean a determination by the Company that Consultant has (i) materially breached this Agreement or any agreement incorporated or referred to herein, which such breach has not been remedied by the Consultant after written notice has been provided to Consultant of such breach; (ii) engaged in disloyalty to the Company, including fraud, embezzlement, theft, commission of a felony or proven dishonesty; or (iii) engaged in willful misconduct or gross negligence.

30.     On October 19, 2006, Forey met with representatives of BPL in Pittsburgh, Pennsylvania.

31.     At the Pittsburgh meeting on October 19, 2006, BPL notified Forey that the Consulting Agreement was terminated for Cause, based on BPL's determination that various actions and conduct of Forey constituted "Cause" under the Consulting Agreement.

32.     Also at the Pittsburgh meeting, the BPL representatives provided Forey with a detailed account of the reasons why "Cause" for termination existed.

33.     BPL has paid Forey in full all consulting fees earned under the Consulting Agreement through and including the October 19, 2006 termination.

34.     BPL has not provided Forey with any options to purchase equity interests in BPL Europe at a price to be determined by BPL, nor has BPL provided Forey with compensation reflecting an estimated value of any such options.

35. In correspondence subsequent to the Pittsburgh meeting on October 19, 2006, Forey has disputed the existence of "Cause" for termination, and has also claimed entitlement under the Consulting Agreement to the following:

- $78,600 reflecting what Forey believes to be due to him as consulting fees;

- $94,320 reflecting what Forey believes to be due to him as a bonus; and

- $200,000 reflecting Forey's estimate of options he believes to be due to him.

36. BPL has rejected Forey's entitlement to any such amounts in correspondence to Forey's counsel, and has indicated to Forey that he will "receive no further compensation, payment, or equity of any kind from BPL Global."

37. Forey expressly acknowledged in the Consulting Agreement that he was placed in a position of trust and confidence, and that he would have access to BPL's confidential and proprietary information.

38. BPL accurately and appropriately determined that "Cause" for termination of the Consulting Agreement existed as of October 19, 2006, for reasons including but not limited to the following:

- Rather than representing only BPL's interests in pursuing a transaction in Europe, Forey wrongfully divided his loyalties and worked both sides of the deal. Forey has or had some sort of interest in the European target company, such that he would benefit by a sale of that company at a high price. Forey kept those interests hidden from BPL, and wrongfully exploited those interests to the potential detriment of BPL.

- Forey engaged in a pattern of activity designed to artificially inflate the price/value of the European target company, to the potential detriment of BPL.

- In addition to disloyalty and willful misconduct (above examples included), there was a pattern of gross neglect of Forey's obligations under the Consulting Agreement. Forey utterly failed to meet BPL's reasonable expectations, thus indicating to BPL an abandonment of his obligations in breach of his contractual duty of good faith and fair dealing.

39.     Due to BPL's accurate and appropriate determination that "Cause" for termination of the Consulting Agreement existed as of October 19, 2006, BPL has no obligation to provide Forey with any additional right, benefit, or payment whatsoever, including without limitation the payments Forey claims entitlement to as set forth above.

40.     Even if BPL did not accurately and appropriately determine that "Cause" for termination of the Consulting Agreement existed, which is not the case, BPL nonetheless has no obligation to make the payments Forey claims entitlement to as set forth above.

41.     Regarding the consulting fees, even for a termination without "Cause," the Consulting Agreement requires only payment of the "Monthly Amount" (not the "Annual Amount") set forth in the Consulting Agreement.  (Section 14.)  BPL has paid that "Monthly Amount" in full for every month that Forey provided services to BPL under the Consulting Agreement, up to and including the October 19, 2006 termination.

42.     Regarding the bonus, any such payment is within BPL's discretion and must be based on the achievement of financial targets and milestones, which Forey did not meet.

43.     Regarding the options, the events and agreements on which such options were conditioned never came into place.  There is no basis for Forey's $200,000 "estimated value" of options to purchase equity in a company that BPL did not own or otherwise control at the time the Consulting Agreement was terminated.

### Claim For Relief -- Declaratory Judgment

44.     BPL incorporates all above paragraphs as if set forth in full here.

45.     An actual controversy exists between BPL and Forey regarding their rights and obligations under the Consulting Agreement, and their interests under the Consulting Agreement are adverse.

46.     An actual controversy exists between BPL and Forey regarding whether BPL accurately and appropriately determined that "Cause" to terminate the Consulting Agreement existed as of October 19, 2006.

47.     BPL accurately and appropriately determined that "Cause" to terminate the Consulting Agreement existed as of October 19, 2006, but Forey claims otherwise.

48.     BPL has fulfilled all of its duties and obligations to Forey under the Consulting Agreement, and Forey has no further rights against BPL whatsoever, but Forey claims otherwise.

49.     BPL has no obligation to pay Forey any additional consulting fees, and Forey has no right or entitlement to any additional consulting fees, but Forey claims otherwise.

50.     BPL has no obligation to pay Forey any bonus, and Forey has no right or entitlement to any bonus, but Forey claims otherwise.

51.     BPL has no obligation to pay Forey an estimated value for options that were never issued to Forey for equity in BPL Europe, and Forey has no right or entitlement to any such options or their estimated value, but Forey claims otherwise.

52.     Declaratory relief is proper in this case and will resolve the above disputes between the parties arising under the Consulting Agreement.

53.     BPL is a young company and is actively searching for growth and investment opportunities.  The existence of Forey's unresolved claims under the Consulting Agreement harms these legitimate business interests of BPL.

54.     BPL continues to establish its corporate headquarters in Pittsburgh and needs the certainty of a resolution of this dispute with Forey for purposes of building its employee and business base.

55.     Forey's claims are for an amount of money that is material to, and adversely affects, BPL's legitimate growth and investment interests.  Further, Forey's claim for the value of equity that he alleges entitlement to in a BPL affiliate has an adverse impact on every aspect of BPL's business that involves a determination of the nature and amounts of equity in that affiliate.

56.     A conclusive ruling from the Court will render practical help to the parties.

**WHEREFORE**, BPL demands judgment in its favor against Forey in the form of a declaration of rights and obligations under the Consulting Agreement substantially as follows:

(a)     BPL accurately and appropriately determined that "Cause" to terminate the Consulting Agreement existed as of October 19, 2006, and accordingly terminated the Consulting Agreement on that date.

(b)     BPL has fulfilled all of its duties and obligations to Forey under the Consulting Agreement, and Forey has no further rights against BPL whatsoever.

(c)     Even if Cause to terminate the Consulting Agreement had not existed as of October 19, 2006, which is not the case, nonetheless Forey would have no right to the consulting fees, bonus, and estimated value of options that he claims entitlement to under the Consulting Agreement.

BPL respectfully requests that the Court provide the above declaration of rights and obligations, and also provide such other and further relief as is just and proper, including payment to BPL of its costs, disbursements, and reasonable attorneys' fees.

Respectfully submitted,

/s/ James F. Glunt
BUCHANAN INGERSOLL & ROONEY PC

James F. Glunt
Pa. I.D. #85555
jay.glunt@bipc.com

Brian D. Balonick
Pa. I.D. #89272
brian.balonick@bipc.com

20th Floor, One Oxford Centre
301 Grant Street
Pittsburgh, PA 15219-1410
Phone: (412) 562-8449/2167
Fax: (412) 562-1041

Counsel for Plaintiff BPL Global, Ltd.

Dated: January 19, 2007